IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARRY EMMETT, TDCJ-CID NO. 1383329, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-3869 |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Barry Emmett, a prisoner of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID), has filed a petition for a writ of habeas corpus challenging the outcome of a TDCJ-CID disciplinary hearing. This action will be dismissed because it is baseless, and a warning will be issued.

### I. Procedural History and Claims

Although Emmett is a prolific prisoner-litigant,[1] he has submitted a handwritten pleading that is cryptic and lacks

---

[1] The records for the United States Courts for the Southern District of Texas reflect that Emmett has filed 12 prisoner complaints or petitions this year. Emmett v. Thaler, No. H-10-105; Emmett v. Thaler, No. H-10-1468; Emmett v. Thaler, No. H-10-2494; Emmett v. Thaler, No. H-10-2748; Emmett v. Post Master, Huntsville Post Office, No. H-10-3343; Emmett v. Chaplain Affey, No. H-10-3369; Emmett v. English, No. H-10-3460; Emmett v. Williams, No. H-10-3610; Emmett v. Ebner, No. H-10-3611; Emmett v. Thaler, No. H-10-3869; Emmett v. Ms. English, No. H-10-4011; Emmett v. Hawthorn, No. H-10-4034.

information that would aid the court in determining the nature of his claims. He refuses to use court-issued forms, which are available at all of the TDCJ-CID units. The court previously ordered Emmett to resubmit a complaint in a prisoner civil rights action and provided him with the forms to enable him to do so. Emmett v. Thaler, H-10-105 (S.D. Tex. March 30, 2010). (See Docket Entry No. 5.) That action was subsequently dismissed when Emmett refused to comply. Id. (Docket Entry No. 10). Emmett has also filed other pleadings that were noncompliant with court orders, and he has been barred in one proceeding from making any more filings without first seeking leave of court. See Emmett v. McGuire, No. 3:07cv0389 (N.D. Tex. May 4, 2009). Like Emmett's other cases, the language of his petition in this action is vague and appears to be deliberately evasive.

Despite Emmett's obtuse phraseology, it is evident that he is seeking to challenge the outcome of a prison disciplinary proceeding. TDCJ-CID records reflect that Emmett has been convicted of numerous felonies including robbery, evading arrest, possession of a firearm by a felon, possession of a prohibited weapon (machine-gun), and possession of a controlled substance. See TDCJ-CID Website: http://168.51.178.33/webapp/TDCJ/index2.htm. He is presently serving a forty-year sentence for aggravated assault of a public servant. The TDCJ-CID Website does not indicate an early release date or eligibility for release under mandatory supervision. See TEX. CODE CRIM. PROC. Ann. art 42.12.

Furthermore, Emmett admits in his petition that he has no mandatory release date. Nonetheless, he argues that he is entitled to relief for due process violations rights because he was not given a 24-hour advance notice of the charges against him and was not afforded an opportunity to present a defense. (Docket Entry No. 1, at 2) He also argues that there was no evidence supporting the finding of guilt. Id. Emmett seeks production of a report and an evidentiary hearing. Id. at 3. He further seeks expunction of his disciplinary record. Id.

## II.  Analysis

Courts have recognized that "'[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.'" Broussard v. Johnson, 253 F.3d 874, 876 (5th Cir. 2001) quoting Wolff v. McDonnell, 105 S.Ct. 2192, 2195 (1974). All that is required is that there is some evidence to uphold the finding of guilt. Id.; see also Morgan v. Dretke, 433 F.3d 455 (5th Cir. 2005). It is not clear what evidence was used against Emmett at the hearing, nor does Emmett state what punishments were imposed; however, the court does not need to consider the record because any of the possible sanctions ordered by the hearing officer would not support a Due Process Clause violation.

An inmate's liberty interests are implicated only when the disciplinary measures taken against him inflict deprivations that

are atypical and significant in relation to the ordinary incidents of prison life. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Typically, commissary and cell restrictions are imposed on an inmate, and there may be a forfeiture of good time for more serious offenses. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997). In some instances an inmate may be reassigned to administrative segregation or reclassified to a population with less opportunities for desirable work, recreation, or education. See Hernandez v. Velasquez, 522 F.3d 556 (5th Cir. 2008); Pichardo v. Kinker, 73 F.3d 612 (5th Cir. 1996).

Each of the punishments described above would not be actionable in this habeas proceeding. Any loss of privileges is merely a change in the conditions of an inmate's confinement, which does not implicate due process concerns. Madison, at 768. They are not penalties that would be considered "the type of atypical, significant deprivation" that would be actionable. Id. See also Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Pichardo, at 612-13. Furthermore, any demotion in classification or placement in administrative segregation also fails to implicate any due process violation because they are a foreseeable condition that may be imposed on a prisoner for reasons that legitimately serve the purpose of the penal system. See Malchi, at 959. Even if Emmett had been sent to solitary confinement as a result of the proceeding, he could not assert a due process claim because he has no protected liberty interest in remaining free from such restraint

while he remains incarcerated pursuant to a valid state court judgment. Eckels v. Johnson, 235 F.3d 1340, 2000 WL 1672789, 1 (5th Cir. Oct. 17, 2000), citing Sandin; Pichardo, at 613.

Under Texas law certain eligible prisoners may be released under mandatory supervision before the expiration of their sentence if they have received time credits for good conduct, and calendar-time credit plus good-time credit equals the term of their sentence. Tx. Gov't Code Ann. § 508.147. Emmett's claim could be actionable if his date of release under mandatory supervision were actually delayed by a disciplinary proceeding in which his procedural due process rights were violated. Malchi, 211 F.3d at 958. Emmett concedes, however, that forfeiture of good-time credit does not affect his release date because he is not eligible for release under mandatory supervision. See Docket Entry No. 1 at 1 ("Petitioner has no mandatory release date, hence parole has no bearing on this."). Therefore, any punishments imposed on Emmett would not be actionable since they would not increase the amount of time that Emmett must serve in the TDCJ-CID system before he is released from custody. See Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995) ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status.").

Emmett has been previously advised of the futility of his arguments in a prior habeas action also challenging prison

disciplinary actions taken against him. Emmett v. Thaler, No. H-10-2494 (S.D. Tex. July 15, 2010). (See Docket Entry No. 5.) In that proceeding the court referenced the well-established Supreme Court holding that the Due Process Clause does not entitle an incarcerated felon to a release before the expiration of his sentence. Id. at 4, citing Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 99 S.Ct. 2100 (1979). Noting Emmett's conviction record and his concession that he is not eligible for release on mandatory supervision, the court held that any loss of good-time credit did not violate a protected liberty interest and did not implicate a due process claim. Id. at 5. The court further held that the other sanctions imposed against Emmett were not actionable because they "'were merely changes in the conditions of [his] confinement.'" Id. citing Madison, 104 F.3d at 768.

Since Emmett has previously been advised of the futility of his claims, the court concludes that this subsequent, duplicative habeas challenge is a malicious action intended to waste the resources of the courts and the prison authorities. See Pittman v. Moore, 980 F.2d 994 (5th Cir. 1993); Wilson v. Lynaugh, 878 F.2d 846 (5th Cir. 1989). Although the dismissal of this habeas petition does not count as a strike under the provisions of the Prison Litigation Reform Act (28 U.S.C. § 1915(g)), Emmett will be warned that he may be subject to court-ordered sanctions if he persists in filing pleadings that have no legal basis or if he

-6-

continues to refuse to comply with court orders. See In re McDonald, 109 S.Ct. 993 (1989); Gabel v. Lynaugh, 835 F.2d 124, 125 (5th Cir. 1988).

Federal courts are authorized to dismiss habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Emmett's habeas petition shall be dismissed because it lacks an arguable basis in law. See McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998); Newby v. Johnson, 81 F.3d 567, 568-69 (5th Cir. 1996).

### III. Certificate of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a Certificate of Appealability,

sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). Because the court has determined that Emmett has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable, a Certificate of Appealability from this decision will not be issued if he were to file an appeal.

### IV. Conclusion and Order

The court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice.**

2. A Certificate of Appealability is **DENIED.**

3. The petitioner is **WARNED** that he may be subject to court-ordered sanctions if he continues to file pleadings that are frivolous or malicious or if he ignores or disobeys court orders.

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the petitioner and the Pro Se Clerk for the United States District Court for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702; a copy of the petition and this Order to the respondent and the attorney general by sending one copy of each to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 28th day of October, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE